IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

|  |  |
|---|---|
| **TRAVIS RAINES,**                        )<br>                                                          )<br>                    **Plaintiff,**           )<br>                                                          )<br> **v.**                                                 )<br>                                                          )<br>                                                          )<br> **(fnu) ANTONIO, OFFICER, et al.,**  )<br>                                                          )<br>                    **Defendants.**     )<br>_____) | **CIVIL ACTION**<br><br>**No. 00-3314-CM** |

## MEMORANDUM AND ORDER

This matter comes before the court on defendant Antonio's Motion for Judgment on the Pleadings (Doc. 50).

Plaintiff failed to respond to defendant Antonio's motion, and, in fact, has not filed anything in this case since he moved for appointment of counsel in August 2003.[1] Rule 7.4 of the Rules of Practice provides that the "failure to file a brief or response within the time specified within [Rules 6.1 and 7.1(c)] shall constitute the waiver of the right thereafter to file such brief or response, except upon a showing of excusable neglect." D. Kan. R. 7.4; *see also Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002) (noting in summary judgment context that by "failing to file a response within the time specified by the local rule, the nonmoving party waives the right to respond"). Because plaintiff has failed to respond to the instant motion, the court will makes its ruling without the benefit of a response from plaintiff.

---

[1] Notably, plaintiff's appeal on another issue in this case was dismissed by the Tenth Circuit Court of Appeals on June 14, 2002, for lack of prosecution.

**I.      Facts**

Plaintiff is an inmate in the custody of the Kansas Department of Corrections at El Dorado Correctional Facility.  Defendant Antonio is a corrections officer with the Kansas Department of Corrections at Hutchinson Correctional Facility.

On August 25, 2000, plaintiff brought this 42 U.S.C. § 1983 action against defendant Antonio and several other defendants after a May 10, 2000 incident between defendant Antonio and plaintiff.  On December 27, 2000, the court ordered waivers of service be prepared for three of the named defendants (defendant Graham, defendant Wright, and defendant Antonio) and dismissed all of the other defendants from the suit. The waivers of service were prepared, but none of them were ever executed.  An answer to plaintiff's complaint was filed on defendant Antonio's behalf on March 6, 2001, which preserved insufficiency of service of process as a defense.

In the motion for judgment on the pleadings, defendant Antonio contends that plaintiff's case should be dismissed because of plaintiff's failure to effect service of process on him and plaintiff's failure to prosecute the case.  The court construes the motion as a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c).  "A motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) is treated as a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." *Mock v. T.G. & Y. Stores Co.*, 971 F.2d 522, 528 (10th Cir. 1992) (citation omitted).

**II.     Standard**

 The court will dismiss a cause of action for failure to state a claim only when it appears beyond a doubt that the plaintiff can prove no set of facts in support of the theory of recovery that would entitle him or her to relief, *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Maher v. Durango Metals, Inc.*, 144 F.3d

1302, 1304 (10th Cir. 1998), or when an issue of law is dispositive. *Neitzke v. Williams*, 490 U.S. 319, 326 (1989). The court accepts as true all well-pleaded facts, as distinguished from conclusory allegations, *Maher*, 144 F.3d at 1304, and all reasonable inferences from those facts are viewed in favor of the plaintiff. *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984).

**III.    Analysis**

Federal Rule of Civil Procedure 4(m) requires that service be accomplished within 120 days from the filing of the complaint. Pursuant to Fed. R. Civ. P. 4(e), service upon an individual may be effected: (1) pursuant to the law of the state in which the district court is located - in this case, Kansas; or, (2) by delivering a copy of the summons and the complaint to the individual personally. *Id*.

Although a waiver of service was prepared as to defendant Antonio and the two other remaining defendants in the case, the waivers were never executed. The March 6, 2001 returns of the waivers state that they were "returned unexecuted – no deposit was received." The same day, defendant Antonio's answer was filed, which preserved insufficiency of service of process as a defense. No answer was filed on behalf of the two other remaining defendants. Plaintiff made no further attempts to serve any of the defendants.

In *Espinoza v. United States*, 52 F.3d 838 (10th Cir. 1995), the Tenth Circuit set out the inquiry a district court should make before dismissing a claim pursuant to Fed. R. Civ. P. 4(m) for failure to serve process:

> The preliminary inquiry under Rule 4(m) is whether the plaintiff has shown good cause for the failure to timely effect service. In this regard, district courts should continue to follow the cases in this circuit that have guided that inquiry. If good cause is shown, the plaintiff is entitled to a mandatory extension of time. If the plaintiff fails to show good cause, the district court must still consider whether a permissive extension of time may be warranted. At that

-3-

point the district court may in its discretion either dismiss the case without prejudice or extend the time for service.

*Espinoza*, 52 F.3d at 841.

In this case, plaintiff has failed to give any reason for his failure to serve defendant Antonio or either of the other two defendants. Thus, plaintiff has failed to show good cause. In fact, plaintiff has made no filings in this case in over two years. In this circumstance, the court finds that a permissive extension of time to complete service of process is not warranted. Accordingly, the court finds that defendant Antonio's motion for judgment pursuant to Fed. R. Civ. P. 12(c) should be granted. The court further finds that plaintiff's claims against defendants Wright and Graham should be dismissed for the same reasons.[2]

**IT IS THEREFORE ORDERED** that defendant Antonio's Motion for Judgment on the Pleadings (Doc. 50) is granted.

**IT IS FURTHER ORDERED** that this case be and is hereby dismissed.

Dated this 13th day of September 2005, at Kansas City, Kansas.

        **s/ Carlos Murguia**
        **CARLOS MURGUIA**
        **United States District Judge**

---

[2] The court notes that the motion for judgment currently pending before the court was filed only on behalf of defendant Antonio. However, the court may, in its discretion, dismiss any claims that have no possible chance of relief. *See McKinney v. State of Okla., Dep't of Human Servs., Shawnee, Okla.*, 925 F.2d 363, 365 (10th Cir. 1991) (upholding *sua sponte* dismissal of a claim where the claimant cannot possibly win relief).