IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

|  |  |
|---|---|
| **TRAVIS RAINES,**              )<br>                                            )<br>           **Plaintiff,**             )<br>                                            )<br> v.                                        )<br>                                            )<br> **(fnu) ANTONIO, et al.,**      )<br>                                            )<br>           **Defendants.**        )<br>_____) | CIVIL ACTION<br><br>No. 00-3314-CM |

## MEMORANDUM AND ORDER

This matter comes before the court on plaintiff's Motion to Vacate Judgment (Doc. 58), Motion for Service of Complaint (Doc. 64), and Motion to Refile Case (Doc. 66).

**I.   Background**

On August 25, 2000, plaintiff brought this 42 U.S.C. § 1983 action against defendant Antonio and several other defendants after a May 10, 2000 incident between defendant Antonio and plaintiff. On December 27, 2000, the court ordered waivers of service be prepared for three of the named defendants (including defendant Antonio) and dismissed all of the other defendants from the suit. The waivers of service were prepared, but none of them were ever executed. The March 6, 2001 returns of the waivers state that they were "returned unexecuted – no deposit was received." Plaintiff made no further attempts to serve any of the defendants.

On February 24, 2005, defendant Antonio moved for judgment on the pleadings, contending that plaintiff had failed to properly execute service of process on him and had failed to prosecute the case. Plaintiff failed to respond to defendant Antonio's motion for judgment. On September 13, 2005, the court

granted defendant Antonio's motion for judgment due to plaintiff's failure to effect service of process and also dismissed the two other remaining defendants, Wright and Graham, for the same reason. Plaintiff moves to vacate the court's September 13, 2005 judgment and requests that he be permitted to re-file the case and have the clerk of the court prepare waivers of service for defendants Antonio, Wright and Graham.

**II.     Standard for Motion to Reconsider**

Whether to grant or deny a motion for reconsideration is committed to the court's discretion. *Brown v. Presbyterian Healthcare Servs.*, 101 F.3d 1324, 1332 (10th Cir. 1996); *Hancock v. City of Okla. City*, 857 F.2d 1394, 1395 (10th Cir. 1988). In exercising that discretion, courts have recognized three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *See Major v. Benton*, 647 F.2d 110, 112 (10th Cir. 1981); *Burnett v. W. Res., Inc.*, 929 F. Supp. 1349, 1360 (D. Kan. 1996); *Marx v. Schnuck Mkts., Inc.*, 869 F. Supp. 895, 897 (D. Kan. 1994).

> Appropriate circumstances for a motion to reconsider are where the court has obviously misapprehended a party's position or the facts or the law, or the court has mistakenly decided issues outside of those the parties presented for determination. A party's failure to present its strongest case in the first instance does not entitle it to a second chance in the form of a motion to reconsider.

*Burnett*, 929 F. Supp. at 1360 (citing *Anderson v. United Auto Workers*, 738 F. Supp. 441, 442 (D. Kan. 1990); *Renfro v. City of Emporia, Kan.*, 732 F. Supp. 1116, 1117 (D. Kan. 1990)). Moreover, "[a] motion to reconsider is not a second chance for the losing party to make his strongest case or to dress up arguments that previously failed." *Flake v. Hoskins*, 55 F. Supp. 2d 1196, 1203-04 (D. Kan. 1999).

### III. Analysis

Plaintiff's motion to vacate, filed pursuant to Fed. R. Civ. P. 59(e), is properly considered as a motion to reconsider this court's order dismissing plaintiff's complaint for failure to effect service of process on defendants.  However, while plaintiff's motion addresses the merits of plaintiff's claims, plaintiff wholly fails to provide any reason for his failure to properly effect service of process on defendants for more than four years after he filed his original complaint in this case, other than his general statements that he currently is "on lock-down – no support of law library – no money is very indegent (sic) and no people in the State Kansas."  Moreover, plaintiff has failed to satisfy any of the grounds justifying reconsideration or assert arguments that were not available to him when the court ruled on defendant Antonio's motion for judgment.  The court stands firm in its analysis under *Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995), that plaintiff is not entitled to either a mandatory or permissive extension of time in which to effect service of process on defendants.

With regard to plaintiff's motion to re-file his case, the court notes that it treated defendant Antonio's motion for judgment as a motion to dismiss under Fed. R. Civ. P. 12(b)(6).  However, because the reason for dismissal was failure to effect service of process, the dismissal was without prejudice.  *See* Fed. R. Civ. P. 4(m).  Accordingly, plaintiff may initiate filing of a new case through the clerk's office.[1]  Re-filing of the complaint and service in the current case would be improper as this case has been dismissed.

---

[1] While the court's dismissal without prejudice would permit plaintiff to file a new case with the same claims, the court is unsure that plaintiff can overcome statute of limitations bars to his claims under 42 U.S.C. § 1983.  *See Johnson v. Johnson County Comm'n Bd.*, 925 F.2d 1299, 1301 (10th Cir. 1991) (explaining that the statute of limitations for § 1983 actions arising in Kansas is two years pursuant to Kan. Stat. Ann. § 60-513(a)(4)).

-4-

**IT IS THEREFORE ORDERED** that plaintiff's Motion to Vacate Judgment (Doc. 58) and Motion to Refile Case (Doc. 66) are denied.

**IT IS FURTHER ORDERED** that plaintiff's Motion for Service of Complaint (Doc. 64) is denied as moot.

Dated this 2nd day of November 2005, at Kansas City, Kansas.

          **s/ Carlos Murguia**
          **CARLOS MURGUIA**
          **United States District Judge**